IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. MIKEL U. PRIMM

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR-5414     Robert E. Burch, Judge**

---

**No. M2001-02447-CCA-R3-CD - Filed July 30, 2003**

---

A Dickson County jury convicted the defendant, Mikel U. Primm, of possession of drug paraphernalia and failure to appear. The trial court sentenced the defendant to serve eleven months and twenty-nine days for his possession of drug paraphernalia conviction and two years for failure to appear conviction, for which he was classified as a Range II multiple offender. The trial court ordered the defendant to serve these sentences concurrently. The defendant now brings this direct appeal challenging his convictions and his sentence, alleging that (1) the evidence introduced at trial is insufficient to support his two convictions, (2) the trial court erroneously denied, within the hearing of the prospective jurors, the defense motion for a continuance, and (3) that the trial court improperly sentenced him by failing to apply several relevant mitigating factors. After a thorough review of the record, we find that none of the defendant's allegations merit relief and therefore affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Didi Christie, Brownsville, Tennessee, for the appellant, Mikel U. Primm.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Kim Menke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On October 6, 1999, several Dickson County police officers arrived at the Highland Motel in Dickson, Tennessee. The officers were acting in response to reports of drug activity taking place in Room 22 of the motel. When the police officers arrived at the scene, someone was leaving Room

22. When the door was ajar, the officers observed the defendant inside the hotel room. The defendant claimed to be the occupant of the hotel room and agreed to allow the officers to search the room, signing a consent form to this effect. In the search that followed, the police discovered several items of drug paraphernalia in the room, including a homemade pipe, a homemade pipe cleaner, Brillo pads, and a hemostat. The police arrested the defendant as a result of these discoveries.

On March 9, 2000, the defendant was served with a warrant requiring his presence at a April 4, 2000 court date. The defendant did not attend his scheduled court date, and on April 9, 2000, a failure to appear arrest warrant was issued for the defendant. Pursuant to a jury trial, the defendant was convicted of both possession of drug paraphernalia and failure to appear and received a two-year aggregate sentence, as noted supra.

### Sufficiency of the Evidence

The defendant first challenges the sufficiency of the evidence introduced at trial to support his convictions for possession of drug paraphernalia and failure to appear. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id.

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

In order to support a conviction for possession of drug paraphernalia, a Class A misdemeanor, the state had to show that the defendant used or possessed with the intent to use, drug paraphernalia to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." Tenn. Code Ann. § 39-17-425(a)(1).

Possession of drugs and drug paraphernalia may occur either alone or jointly. See State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). Possession may also be constructive as well as actual. See State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001); State v. Transou, 928 S.W.2d 949, 955-56 (Tenn. Crim. App. 1996); State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). "Constructive possession requires that a person knowingly have the power and the intention at a given time to exercise dominion and control over an object, either directly or through others. In essence, constructive possession is the ability to reduce an object to actual possession." Copeland, 677 S.W.2d at 476 (citation omitted).

The defendant claims that the evidence is insufficient to support his possession of drug paraphernalia conviction because he claimed at trial that none of the drug paraphernalia that the police officers discovered in Room 22 belonged to him. Moreover, there were several other occupants of Room 22, and police discovered drug paraphernalia on some of their persons, while the officers failed to find either drugs or paraphernalia on the defendant's person. However, we respectfully disagree and find that the evidence was more than ample to support a finding that the defendant was the resident and primary occupant of Room 22 and that he possessed the drug paraphernalia found in Room 22.

The defendant contends that he only used Room 22 to store his belongings and that he primarily resided in Room 10. However, police officers were unable to locate any of the defendant's belongings in Room 10. Moreover, when officers arrived at Room 22 on the date in question, the defendant claimed to be the occupant of Room 22 and signed a consent form allowing the officers to search the room. This information, combined with the discovery of several items of drug paraphernalia in plain view in Room 22 is sufficient to support a jury finding that the defendant was in constructive possession of the drug paraphernalia located in his motel room. Accordingly, we find that the defendant's challenge to the sufficiency of the evidence to support his drug paraphernalia conviction lacks merit.

Turning next to the defendant's allegation that the evidence introduced at trial is insufficient to support his failure to appear conviction, we note that in order to support a conviction in the instant case, the state was required to prove that the defendant knowingly failed to appear in court as directed by lawful authority pursuant to the instructions of his arrest warrant. See Tenn. Code Ann. § 39-16-609. The defendant claims that the evidence is insufficient to support his conviction because he testified that he did not intend to miss his court date; rather, he failed to appear at his court appointment because he was preoccupied with caring for his ill mother. However, we find that the jury acted properly in declining to accredit this testimony. Moreover, the state introduced evidence that the defendant was serving a probationary sentence when he was arrested for possession of drug paraphernalia. According to the defendant, he did not report his arrest to his probation officer for fear that his probationary term would end as a result. Accordingly, we find that there was sufficient evidence introduced at trial for the jury to infer that the defendant missed his court date intentionally out of fear that in addition to a new misdemeanor sentence, his probation would be revoked. This issue lacks merit.

## Propriety of Trial Court's Denial of Defendant's Request to Seek a Continuance

The defendant complains that the trial court erred by discussing his pro se oral motion for a continuance in front of prospective jurors. The defendant moved for a continuance on the basis that his counsel had not contacted and procured for trial several witnesses whom the defendant believed could provide exculpatory testimony. Although the defendant had originally told his trial counsel, who had been appointed to represent him, that he planned on retaining other counsel, he changed his mind and sought the representation of his trial counsel, but he was unable to contact him. The trial court denied the defendant's motion for a continuance, finding that the defendant had been uncooperative with his appointed counsel and therefore was not entitled to a continuance. The defendant claims that he is entitled to a new trial because the trial court made its ruling in the presence of prospective jurors, thereby casting him in an unflattering light.

"When there is extraneous prejudicial information or any outside influence is brought to bear on a juror, the validity of the verdict is questionable." State v. Parchman, 973 S.W.2d 607, 612 (Tenn. Crim. App. 1997) (citing State v. Blackwell, 664 S.W.2d 686, 689 (Tenn.1984)). However, the defendant bears the burden of proving that this outside influence was prejudicial. See id. The defendant has failed to demonstrate such prejudice in the instant case. In response to the defendant's concern about the prejudicial effect that the trial court's ruling may have had on the venire, the defendant's trial counsel asked each juror during voir dire whether they had heard the trial court's statements and whether the trial court's statements would influence their deliberation in the defendant's case. Each prospective juror responded negatively. Furthermore, the trial court found that the defendant was uncooperative with his counsel, not untruthful, and therefore we find that the court's statements were not unduly prejudicial to him. Accordingly, we find that because the defendant has failed to prove that he was prejudiced by the trial court's ruling in front of the venire, we find that the trial court properly denied the defendant's request for a new trial on this ground.

## Sentencing Challenge

The defendant next challenges his sentence as excessive, claiming that the trial court failed to weigh several applicable mitigating factors when determining his sentence. Specifically, the defendant claims that the trial court failed to apply mitigating factors (1), (3), (4), (7), (11), (12), and (13). See Tenn. Code Ann. § 40-35-114(1), (3), (4), (7), (11), (12), (13). "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at

169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

In the instant case, the trial court refused to apply any of the proposed mitigating factors, finding that the defendant's testimony, which was the sole support for the application of these factors, was incredible. Nevertheless, the defendant received the minimum sentence for a Range II offender convicted of a Class E felony, failure to appear. See Tenn. Code Ann. § 39-16-09(c).

We find that the trial court properly sentenced the defendant. The defendant first complains that the trial court failed to apply mitigating factor (1), that the defendant's actions neither caused nor threatened to cause serious bodily injury. See id. § 40-35-114(1). We agree, as we cannot find any evidence in the record that the defendant was selling or attempting to sell drugs at the time of his arrest. If there was evidence that the defendant had engaged in such activity, "the dangerous nature of the drug, combined with the dangerous nature of many drug transactions, may have indeed supported the trial court's rejection of this factor as constituting a threat of serious bodily injury." State v. Ross, 49 S.W.3d 833, 848 (Tenn. 2001). Without such evidence, we cannot find a basis for the trial court's refusal to apply this mitigating factor. See id. However, while we find that the trial court erroneously found this mitigating factor inapplicable, we find that the defendant's resulting two-year sentence, the minimum sentence within his sentencing range, is supported by the facts of his case and is appropriate considering the trial court's application of one enhancement factor, which the defendant does not challenge on appeal. Moreover, we find that the trial court properly found that the other proposed mitigating factors were inapplicable to the defendant's sentence.

The defendant next challenges the court's refusal to apply factor (3), that substantial grounds exist justifying the defendant's behavior; factor (4), that the defendant played a minor role in the offense; factor (7), that the defendant was motivated to commit the crime at issue in order to provide for his family or himself; and factor (11), that the circumstances surrounding the crime were unusual and indicate that the defendant did not have a sustained intent to violate the law. See Tenn. Code Ann. § 40-35-114(3), (4), (7), (11). However, the defendant offered only his testimony in support of all four of these mitigating factors. The trial court expressly found that the defendant's testimony was incredible, and we find that the trial court was properly acting within its discretion when making the determination that these four mitigating factors were inapplicable to the defendant's case.

The defendant also alleges that the trial court should have applied mitigating factor (12), that the offense was committed while the defendant was under the duress or domination of another. See

id. § 40-35-114(12). Similarly to his arguments regarding the previous four mitigating factors, the defendant offers only his own testimony in support of the application of this factor. He testified that he forgot to attend his court date because he was preoccupied with providing care for his ailing mother. However, his testimony does not support a finding that his free will was overborne by the circumstances or that he was acting under duress. Thus, the trial court properly refused to apply this factor to the defendant's sentence.

Finally, the defendant argues that the trial court should have found that the defendant's history of attending his court appearances was relevant to mitigate his sentence under the catch-all mitigating factor, factor (13). See id. § 40-35-114(13). The defendant claims that his history of attending prior court dates indicates that he has routinely "take[n] his medicine" and therefore his prior cooperation should be relevant to mitigate his sentence for the instant crimes. However, we find that the defendant's reasoning does not mandate the trial court's finding that the defendant's prior behavior is relevant to reduce his sentence. The defendant has failed to prove that the trial court abused its discretion by refusing to apply this factor. In light of the analysis above, we find that the defendant's sentence of two years, the minimum sentence available in his sentencing range, was certainly not excessive.

## Conclusion

For the foregoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the defendant's convictions and sentence are AFFIRMED.

_____
JERRY L. SMITH, JUDGE