# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
November 17, 2000 Session

## STATE OF TENNESSEE v. MAURICE SHAW

**Appeal By Permission from the Court of Criminal Appeals**
**Circuit Court for Tipton County**
**No. 3338      Joseph H. Walker, Judge**

---

### No. W1998-00503-SC-R11-CD - Filed March 1, 2001

---

We granted this appeal to decide two issues: (1) whether there was sufficient evidence to corroborate the testimony of an accomplice and to support the defendant's conviction for possession of cocaine with the intent to deliver and (2) whether the defendant was denied his constitutional right to the effective assistance of counsel. The Court of Criminal Appeals concluded that the evidence was sufficient to corroborate the testimony of the accomplice and to support the defendant's conviction and that the defendant was not denied his constitutional right to the effective assistance of counsel. After reviewing the record and applicable authority, we affirm the result reached by the Court of Criminal Appeals upon the separate grounds stated herein.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Jason G. Whitworth, Covington, Tennessee, for the appellant, Maurice Shaw.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James W. Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 27, 1997, Deputy Shannon Beasley of the Tipton County Sheriff's Department stopped a vehicle being driven by the defendant, Maurice Shaw, for a suspected registration violation. A passenger, KC Webb, was riding in the front passenger's seat. When Beasley approached, the defendant got out of the car and began walking toward a nearby store. Beasley

called for the defendant to return to the car and asked for his driver's license. According to Beasley, the defendant was "extremely nervous," and "his hand was shaking uncontrollably."

The defendant admitted that the license plate on the car was registered to a different vehicle. Beasley returned the defendant's driver's license and issued a citation. When the defendant continued to appear "real nervous," Beasley asked if he had any contraband such as weapons or drugs. The defendant said no. Beasley then asked if he could search the vehicle, and the defendant said, "Go ahead." Beasley found a pill bottle under the arm rest between the driver and front passenger seats. The pill bottle contained 26 rocks of cocaine.[1] Beasley arrested the defendant and Webb.

Webb testified that he was with the defendant when they were pulled over by Deputy Beasley. The defendant got out of the car; took a pill bottle from his pocket; and tossed it into the car toward Webb. Webb testified that he threw the bottle back toward the defendant but did not see where it landed.[2] Webb conceded that he had been charged with possession of cocaine with intent to deliver but had pled guilty to misdemeanor possession in return for his testimony against Shaw.

The defendant gave a statement to officers after being advised of and waiving his Miranda rights. He admitted that he owned the vehicle in which the cocaine was found, but he denied that the cocaine belonged to him. The defendant said that he did not know where the cocaine came from, but he believed it belonged to Webb, who had previously found the cocaine on the side of the road.

The jury convicted the defendant of possession of cocaine with the intent to deliver. The Court of Criminal Appeals affirmed the conviction after concluding that there was sufficient evidence to corroborate Webb's testimony and, therefore, sufficient evidence to support the conviction. The court also concluded that the defendant had not been denied his constitutional right to the effective assistance of counsel.

We granted this appeal to address these issues.


## SUFFICIENCY OF THE EVIDENCE

The defendant argues that the evidence was insufficient to support his conviction for possession of cocaine with intent to deliver because there was no evidence to corroborate the testimony of Webb, who was an accomplice to the offense. The State concedes that there must be evidence to corroborate the testimony of an accomplice but maintains that such evidence was established in this case.

---

[1] The evidence established that the bottle contained 5.6 grams of cocaine base.

[2] Deputy Beasley testified that he did not see Shaw or Webb throwing an item in the vehicle.

-2-

When evaluating the sufficiency of the evidence, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Keough, 18 S.W.3d 175, 180-81 (Tenn. 2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). We are required to afford the prosecution the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Keough, 18 S.W.3d at 181 (citing State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997)). Questions regarding the credibility of the witnesses; the weight to be given the evidence; and any factual issues raised by the evidence are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

In Tennessee, a conviction may not be based solely upon the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); Monts v. State, 379 S.W.2d 34, 43 (Tenn. 1964). We have described the nature of this requirement as follows:

> [T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence.

State v. Bigbee, 885 S.W.2d at 803 (citations omitted). Whether sufficient corroboration exists is a determination for the jury. Id.

The offense in this case required evidence of the defendant's possession of cocaine and intent to deliver the cocaine. As Tennessee courts have recognized, "possession" may be either actual or constructive. See State v. Patterson, 966 S.W.2d 435, 444-45 (Tenn. Crim. App. 1997); State v. Brown, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995). Constructive possession requires proof that a person had "'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" State v. Patterson, 966 S.W.2d at 445 (quoting State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987) (alteration in original)). One's mere presence in an area where drugs are discovered, or one's mere association with a person who is in possession of drugs, is not alone sufficient to support a finding of constructive possession. See State v. Patterson, 966 S.W.2d at 445; State v. Cooper, 736 S.W.2d at 129.

In our view, the evidence was legally sufficient to support the defendant's conviction for possession of cocaine with the intent to deliver. Deputy Beasley found the bottle containing cocaine on the front seat of a car that was occupied and driven by the defendant. The passenger, Webb,

testified that he saw the defendant pull the bottle from the defendant's pocket and throw it towards him. Webb's testimony was corroborated by the fact that the defendant had occupied and driven the car[3] in which the cocaine was found; that the defendant walked away from the car shortly after it was stopped by Deputy Beasley; and that the defendant appeared to be extremely nervous before and after he was asked to produce his driver's license. See State v. Brown, 915 S.W.2d at 7.

While this evidence is not overwhelming, it need not be. This evidence is sufficient to support the jury's determination in that "it fairly and legitimately tends to connect the defendant with the commission of the crime charged." See State v. Bigbee, 885 S.W.2d at 803. The defendant's arguments regarding the weakness of the evidence and the existence of Webb's favorable plea bargain pertain to the weight of the evidence, which was to be determined by the jury. Our role is simply to determine whether the evidence was sufficient to corroborate the accomplice's testimony and legally sufficient for any trier of fact to have found the essential elements of the offense beyond a reasonable doubt. We conclude that it was.

## EFFECTIVE ASSISTANCE OF COUNSEL

In addition to challenging the sufficiency of the evidence, the defendant asserts that the case should be remanded for a new trial because his trial counsel was ineffective in violation of his rights under the Tennessee and United States Constitutions. His main contention is based on counsel's opening statement, which included the following:

> Thank you for being here today. I think you've been carefully selected. Mr. Maurice Shaw is guilty. We say he's presumed-- forgive me. Mr. Maurice Shaw is innocent. We say he is presumed innocent. And this is my opportunity to talk about what I expect the evidence will show. . . .

In addition, the defendant asserts that counsel's closing argument was "muddled" and "confusing,"[4] and that counsel failed to obtain the prior criminal record of Webb. The State maintains that the defendant has failed to show that counsel was deficient or that he was prejudiced.

The accused in a criminal prosecution has the right to counsel under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. See Strickland v. Washington, 466 U.S. 668, 691-92, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984);

---

[3] We note, however, that the Court of Criminal Appeals' reliance upon the defendant's ownership of the car was overly broad. Ownership alone does not indicate that one is in constructive possession of contraband inside a vehicle. The issue, as we have noted, depends on one's power and intention to exercise dominion and control over the contraband.

[4] The defendant specifically takes issue with counsel's assertion that this case involved "dope" and that the defendant was charged as a dope dealer.

Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The right to counsel includes the constitutional right to the effective assistance of counsel. See Strickland v. Washington, 466 U.S. at 692, 104 S. Ct. at 2067; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

To establish a denial of this constitutional right, a defendant must demonstrate that "counsel's performance was deficient" in that the advice given or the service rendered was not within the range of competence demanded of attorneys in criminal cases. See Henley v. State, 960 S.W.2d at 579. The defendant must also demonstrate that counsel's deficient performance was prejudicial in that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. at 2068 (1984)). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

Although the defendant has raised the issue of ineffective assistance of counsel, there was no evidentiary hearing on the issue before the trial court.[5] With regard to counsel's opening remarks, which are contained in the record, it appears that counsel made an inadvertent misstatement but immediately corrected the error and properly told the jury that the defendant was "innocent" and "presumed innocent." The trial court later instructed the jury that the defendant was presumed innocent under the law and that the prosecution had the burden of proving guilt beyond reasonable doubt. Moreover, the trial court instructed the jury that the statements of counsel, whether during opening statements or closing arguments, are not evidence and that the case must be decided solely upon the evidence. The jury is to presumed to have followed the trial court's instructions. See State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). Accordingly, the defendant has failed to establish either deficient performance or prejudice with respect to counsel's opening statement or closing argument.

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the evidence was sufficient to corroborate the testimony of the accomplice and to support the defendant's conviction. We also conclude that the defendant was not denied his constitutional right to the effective assistance of counsel. We therefore affirm the result reached by the Court of Criminal Appeals on the separate grounds stated herein. Costs are taxed to the appellant, Maurice Shaw, for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

---

[5] There was no evidence, for instance, regarding Webb's alleged prior criminal record or counsel's failure to obtain such a record. The defendant, therefore, has failed to establish either counsel's deficiency or prejudice in this regard.