IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## STATE OF TENNESSEE v. DEADRICK M. PIGG

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1314     Cheryl Blackburn, Judge**

_____

**No. M2000-03056-CCA-MR3-CD - Filed November 27, 2001**

_____

The Defendant, Deadrick Pigg, was convicted in the Criminal Court of Davidson County of the sale of less than .5 grams of cocaine.[1]  After a sentencing hearing, the Defendant was sentenced to serve eight years in the Department of Correction.  In his appeal as of right pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure, the Defendant argues that (1) the evidence presented at trial was insufficient to support the jury's guilty verdict because the verdict was based solely on uncorroborated accomplice testimony and (2) the trial court erred in allowing the State to impeach the Defendant with evidence of past convictions.  After a thorough review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Larry B. Felts, Nashville, Tennessee, for the appellant, Deadrick M. Pigg.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Grady Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In the early morning of May 17, 1998, two uniformed police officers, concealed in bushes, observed the Defendant pacing at the intersection of Douglas and Stainback streets in Nashville. Approximately thirty minutes later, the officers witnessed an exchange between the Defendant and Mr. Charles Clark.  The officers maintained visual contact with both suspects and requested that other officers in the area question Mr. Clark while they questioned the Defendant.  At least one

---

[1]See Tenn. Code Ann. § 39-17-417.

officer was in visual contact with each suspect at all times. Police approached Mr. Clark and informed him that he was seen purchasing drugs. Mr. Clark confessed immediately, and returned to the intersection of Douglas and Stainback where he identified the Defendant as the person who sold him the cocaine.

The Defendant testified at trial that he was waiting on the corner of Douglas and Stainback for his girlfriend to pick him up. He said he had spent the evening at his cousin's house, which was nearby, and was waiting outside because his girlfriend was unsure as to the house in which the Defendant's cousin lived. The Defendant also stated that Mr. Clark approached him and asked him for a cigarette, which the Defendant provided. The Defendant denied selling or using drugs, and denied selling drugs to Mr. Clark. Approximately three hundred dollars was found on the Defendant, but no drugs.

## SUFFICIENCY OF THE EVIDENCE

The Defendant argues that the evidence presented at trial was insufficient to establish guilt beyond a reasonable doubt because it consisted of uncorroborated accomplice testimony. The Defendant thus urges reversal of his conviction.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

In Tennessee, a conviction may not be based solely upon the uncorroborated testimony of an accomplice. See State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2000); State v. Bigbee, 885 S.W.2d 797,

803 (Tenn. 1994); Monts v. State, 214 Tenn. 171, 191, 379 S.W.2d 34, 43 (1964). Our supreme court has described the nature of this requirement as follows:

> "[T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence . . ."

Bigbee, 885 S.W.2d at 803 (quoting State v. Gaylor, 862 S.W.2d 546, 552 (Tenn. Crim. App.1993)). Whether sufficient corroboration exists is a determination for the jury. See Shaw, 37 S.W.3d at 903; Bigbee, 885 S.W.2d at 803.

We find that a rational jury could have found the Defendant guilty of the sale of less than .5 grams of cocaine beyond a reasonable doubt. Mr. Clark testified that he bought the cocaine found in his possession from the Defendant. While Mr. Clark's testimony alone would be insufficient to support a verdict due to his status as an accomplice, the jury was presented with sufficient corroborating evidence. The Defendant was observed by police pacing an area known for drug activity in the early hours in the morning. Police witnessed an exchange between the Defendant and Mr. Clark in which both parties gave and received items. Drugs were subsequently found on Mr. Clark and a large amount of cash was found in the possession of the Defendant.

Viewed in the light most favorable to the State, sufficient evidence was presented at trial to support the jury's verdict of guilty. Therefore, the Defendant's challenge to the sufficiency of the evidence presented at trial is without merit.

## PRIOR CONVICTIONS

The Defendant also alleges that the trial court erred in ruling that his prior convictions for aggravated assault and felony weapon possession were admissible to impeach his credibility. Subject to certain conditions for admissibility, Tennessee Rule of Evidence 609 authorizes the use of a witness's prior convictions in order to attack a witness's credibility. See Tenn. R. Evid. 609(a). The prior conviction must be for a felony or, if not a felony, a crime involving dishonesty or false statement. See Tenn. R. Evid. 609(a)(2). However, when the witness to be impeached is the criminal defendant, the state must give notice prior to trial of its intent to utilize the conviction for impeachment purposes, and, upon request, the court must determine the admissibility of an eligible conviction by deciding whether "the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues." Tenn. R. Evid. 609(a)(3). In making this determination, "two criteria are especially relevant." State v. Mixon, 983 S.W.2d 661, 674 (Tenn. 1999). First, the court must "analyze the relevance the impeaching conviction has to the issue of credibility" and "explain [the relevance] on the record," and then "assess the similarity between the crime on trial and the crime underlying the impeaching conviction." Id. (quoting Neil P. Cohen et al., Tennessee

Law of Evidence § 609.9 at 376 (3d ed.1995)). A trial court's ruling on the admissibility of prior convictions to impeach a defendant will not be overturned unless the trial court has abused its discretion. See State v. Blanton, 926 S.W.2d 953, 960 (Tenn. Crim. App. 1996). We find no abuse of discretion in the present case.

It is clear from the record that the trial court properly considered the probative value of the Defendant's prior convictions in light of the possibility of unfair prejudice. The trial court reasoned that the prior convictions for aggravated assault and felony weapon possession were not similar in nature to the sale or delivery of less than .5 grams of cocaine. The trial court further stated that the credibility of the Defendant was especially important in the present case because Mr. Clark and the Defendant were the only individuals close enough to know the intimate details of the transaction. Based upon this finding, we cannot conclude that the trial judge abused her discretion in allowing the State to impeach the Defendant with his prior convictions. Therefore, we find that the Defendant's challenge to the trial court's ruling is without merit.

## CONCLUSION

Accordingly, after a thorough review of the record, we AFFIRM the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE