# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. TOMMY DAVIS

### Circuit Court for Cocke County
### No. 8427

---

### No. E2002-00511-CCA-R3-CD
### February 28, 2003

---

Judge Jerry L. Smith, Concurring in Result

### CONCURRING OPINION

While I concur with the majority that the evidence is sufficient to support the conviction for theft of property over $1,000, I reach that result from a somewhat different approach than that taken in the principal opinion. The majority concludes that the defendant's presence in and operation of a borrowed vehicle is sufficient proof to support a finding of constructive possession of contraband contained therein. Concededly, this has been the conclusion reached by this Court in a number of its decisions. See, e.g., State v. Gonzalo Moran Garcia, No. M2000-01760-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 146, at *111 (Tenn. Crim. App. Nashville, Feb. 20, 2002); State v. Brown, 915 S.W.2d 3, 7-8 (Tenn. Crim. App. 1995). However, having re-read the opinion of the Tennessee Supreme Court in State v. Shaw, 37 S.W.3d 900 (Tenn. 2001), I am convinced that mere presence in and operation of a vehicle containing contraband is, without other proof of a power or intention on the part of the defendant to exercise dominion and control over the contraband, insufficient to establish "constructive possession." Nevertheless, I believe that the record of the instant case provides sufficient other proof that, when coupled with the proof of the defendant's presence in and operation of the vehicle containing contraband, establishes the constructive possession necessary in this case to sustain a theft conviction.

In Shaw our supreme court dealt with the question of whether there was sufficient evidence of the defendant's guilt of possession of cocaine with the intent to deliver the drug.[1] Shaw, 37 S.W.3d at 902. The defendant owned and was operating a vehicle in which the cocaine forming the basis of his arrest was found. Id. The Court of Criminal Appeals, relying on State v. Brown, 915 S.W.2d at 7-8, held that constructive possession of a controlled substance can be inferred to the person who had control over the vehicle in which it was found. State v. Maurice Shaw, 1999 Tenn.

---

[1] The specific question was the sufficiency of evidence to support an accomplice's statement that the defendant was the owner of the cocaine in question.

Crim. App. LEXIS 1078, at *7-*11 (Tenn. Crim. App. at Jackson, Oct. 21, 1999). Although the Tennessee Supreme Court affirmed the decision that the evidence was sufficient to corroborate the accomplice's testimony and the verdict itself, the court found that this Court's reliance on ownership and control of a vehicle as establishing constructive possession was overly broad. Brown, 37 S.W.3d at 903 n.3. Implicit in the supreme court's opinion, I believe, is a directive that mere ownership and/or control of a vehicle in which contraband is found cannot standing alone support an inference or constructive possession. In other words, while ownership and/or control of a vehicle in which contraband is found may be one thread in a web of circumstantial evidence establishing constructive possession, it is not the web itself.

Turning to the facts of the instant case, there is proof that not only was the defendant operating a vehicle in which recently stolen property was found, he also refused to yield to a show of authority during a high speed chase through a residential area. Moreover, upon wrecking the borrowed vehicle, the defendant and his compatriot fled on foot and eluded capture at that time. This avoidance of police, as noted by the majority, indicates a nefarious purpose beyond that of an innocent trip. Finally, the jury was entitled to find as incredible co-defendant Coleman's story that he bought the stolen items from an unknown man and enlisted the aid of the defendant to travel to a nearby community in a borrowed car to sell the stolen property, but he never discussed with the defendant the presence of the property in the car nor the purpose of the trip.

When all these factors are considered together, I believe that there is minimally sufficient evidence to support an inference that the defendant intended to exercise power and control over the stolen property, and in turn, the defendant's conviction for theft over $1,000. For that reason I concur in the judgment of the court.

_____
JERRY L. SMITH, JUDGE