# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2007

## STATE OF TENNESSEE v. MITCHELL RIDLEY

**Direct Appeal from the Circuit Court for Madison County**
**No. 05-635    Roger A. Page, Judge**

---

**No. W2006-02700-CCA-R3-CD  - Filed August 3, 2007**

---

Defendant, Mitchell Ridley, appeals the trial court's revocation of his community corrections sentence and the imposing of a sentence of confinement. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

George Morton Googe, District Public Defender; and Paul E. Meyers, Assistant Public Defender, Jackson, Tennessee, for the appellant, Mitchell Ridley.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 26, 2006, Defendant pled guilty to theft of property valued at between $500 and $1,000, a Class E felony; evading arrest, a Class E felony; and reckless driving, a Class B misdemeanor. The trial court sentenced Defendant as a Range III, career offender, to six years for each felony conviction, and six months for his misdemeanor conviction. The trial court ordered Defendant to serve his sentences consecutively for an effective sentence of twelve years and six months. After a period of confinement in the Madison County workhouse, Defendant was placed on community corrections.

A warrant for violation of community corrections was filed on October 13, 2006, alleging that Defendant had failed to remain arrest free in violation of the conditions of his community corrections sentence. An amended warrant was filed on November 7, 2006 alleging additionally that

Defendant had failed to report his new arrests to the case officer as required by community corrections.

At the revocation hearing, Officer Terry Buckley with the Jackson Police Department testified that he received a complaint from a resident at the Airways Motel that Defendant had threatened the complainant. Officer Buckley ran Defendant's name through NCIC, and the dispatcher told him that Defendant's driver's license had been revoked. Two or three weeks later, on September 26, 2006, Officer Buckley stopped at a gas station to buy a fountain drink and observed Defendant standing in line. Officer Buckley left and pulled his patrol car around to the back of the facility. He confirmed that Defendant's driver's license was still on a revoked status while he waited for Defendant to exit the gas station.

Defendant entered his vehicle. Officer Buckley followed Defendant's vehicle as Defendant left the parking lot and made a right-hand turn on to Highway 70. Officer Buckley said his patrol car was approximately one and one-half car lengths behind Defendant's vehicle. Officer Buckley activated his emergency equipment, but Defendant did not pull over. Officer Buckley pursued Defendant for approximately one and one-half miles. Defendant increased the speed of his vehicle and ran a truck off the road when he passed the truck in a curve. Officer Buckley terminated the pursuit at that point because he felt it was too dangerous to continue. Officer Buckley testified that Defendant was the only person in the car, and he had personally observed Defendant driving the vehicle. Officer Buckley obtained an arrest warrant for Defendant, but he could not locate Defendant to arrest him.

Later, Officer Buckley learned that Defendant had returned to the Airways Motel. Officer Buckley said that a search warrant was issued on October 11, 2006 based upon information received after September 26, 2006. Defendant and his wife, Ann Ridley, were discovered in Room 112, and Defendant was arrested based upon the previously issued arrest warrant. The officers discovered 1.0 grams of powder cocaine in Ms. Ridley's purse. A crack pipe was on the table next to the bed. A search of Defendant's vehicle revealed 3.6 grams of powder cocaine and 14.0 grams of crack cocaine. Officer Buckley stated that the vehicle in which the drugs were found was the same vehicle Defendant was driving on September 26, 2006.

Elsa Reyes, a case officer with Madison County Community Corrections, testified that Defendant was placed on community corrections after entering a plea of guilty to Class E felony theft, felony evading arrest, and reckless driving. Ms. Reyes said that she filed a warrant for probation violation, as amended, for incurring new charges and for failure to report those charges to her as required. On cross-examination, Ms. Reyes said that Defendant came to his next scheduled meeting after his arrest. Ms. Reyes asked Defendant how he was doing, and Defendant responded, "Fine." Ms. Reyes said she waited a few minutes to see if Defendant would initiate a conversation about his arrest. When Defendant did not say anything, Ms. Reyes showed him the jail report.

The State agreed to stipulate to the admissibility of Ms. Ridley's testimony from a preliminary hearing, and a transcript of her testimony was introduced as an exhibit. According to

the transcript, Ms. Ridley testified that the drugs found inside Room 112 of the Airways Motel belonged to her. On cross-examination, Ms. Ridley said that Defendant stayed with her at the motel two or three nights a week. Ms. Ridley was questioned about the drugs found in the vehicle parked outside of the motel, but the transcript notes her response as "inaudible."

Officer Buckley was recalled as a rebuttal witness. Officer Buckley stated that Ms. Ridley made a statement to the police during the execution of the search warrant in which she acknowledged that the drugs found in her purse belonged to her. Officer Buckley said that Ms. Ridley did not make a statement concerning the ownership of the drugs in the vehicle.

At the conclusion of the revocation hearing, the trial court found credible the testimony of Officer Buckley and Ms. Reyes. The trial court stated:

> I'm going to find that [Defendant] is in violation of his Community Corrections in a substantial way based upon a preponderance of the evidence for the following reasons: based on the testimony I've heard, on September 26th by a preponderance of the evidence I believe that [Defendant] is guilty of felony evading arrest and driving on a revoked license. He's obviously violated the law while on Community Corrections. As to the drug charges, obviously there will be some dispute when this case goes to court about possession of the drugs. I have read Mrs. Ridley's preliminary hearing testimony. But based on our law dealing with joint and constructive possession, I think I can at least find by a preponderance of the evidence that [Defendant] was in possession of illegal drugs. And that will be another basis for the revocation, along with failing to report the arrest.

The trial court revoked Defendant's community corrections sentence and ordered that the balance of his sentence be served in confinement.

The decision to revoke a community corrections sentence or probation rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"). The trial court is required only to find that the violation of probation or community corrections occurred by a preponderance of the evidence. *See* T.C.A. § 40-35-311(e); *see also id*. § 40-36-106(e)(3)(B). In reviewing the trial court's findings, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). After finding a violation of a defendant's community corrections, the trial "court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community based alternative to incarceration." T.C.A. § 40-36-106(e)(4).

Defendant argues that there was insufficient evidence to support a finding that he was the driver of the vehicle pursued by Officer Buckley. Officer Buckley, however, clearly and unequivocally testified that Defendant was the only one in the vehicle, and that Defendant was driving the vehicle while Officer Buckley was in pursuit. Defendant also contends that there was no evidence in the record that Defendant did not report the new arrest "within the applicable time period." The trial court accredited Ms. Reyes' testimony that she gave Defendant an opportunity to report his new arrest but he failed to do so. As for the drug charges, Defendant insists that the drugs were not his, but his wife's, as evidenced by her testimony at the preliminary hearing. The trial court accredited Officer Buckley's testimony that Ms. Ridley's admission of ownership extended only to the drugs found in her purse, and the vehicle in which the other drugs were found was the same vehicle driven by Defendant on September 26, 2006. *See State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001) (concluding that the evidence was legally sufficient to support the defendant's conviction for possession of cocaine when the bottle containing cocaine was discovered on the front seat of a car that was occupied and driven by the defendant).

Whatever defenses Defendant might ultimately raise to the charge of possession of cocaine, Defendant's violation of his community corrections sentence rested upon the allegation that he had committed new offenses during the period of his probation and that he failed to report the new charges to his case officer. Moreover, "[o]nly one basis for revocation is necessary." *State v. Alonzo Chatman*, No. E2000-03123-CCA-R3-CD, 2001 WL 1173895, at *2 (Tenn. Crim. App., at Knoxville, Oct. 5, 2001), *no perm. to appeal filed*. We conclude that the trial court did not abuse its discretion in finding that Defendant had violated the conditions of his community corrections by a preponderance of the evidence by incurring new charges and by failing to report those charges to his case officer. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-4-