# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 5, 2012

## STATE OF TENNESSEE v. NATHANIEL SHELBOURNE

**Appeal from the Circuit Court for Lake County**
**No. 09-CR-9299     R. Lee Moore, Jr., Judge**

**No. W2011-02372-CCA-R3-CD  - Filed December 26, 2012**

THOMAS T. WOODALL, J., concurring.

I concur with the majority opinion except as to the issues of consecutive sentencing and lesser included offenses. The trial court ordered consecutive sentencing based upon the finding that Defendant was a dangerous offender pursuant to Tennessee Code Annotated section 40-35-115(b)(4)(2010 Repl.). The State candidly admits in its brief that the trial court, at most, only "implicitly" found the additional "*Wilkerson*" requirements for a dangerous offender: that the resulting consecutive sentence is reasonably related to the offense and necessary to protect the public. *See State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995) (held that the imposition of consecutive sentences based upon "dangerous offender" category requires additional findings by the trial court that an extended sentence is necessary to protect the public against further criminal conduct by the defendant, and consecutive sentences are reasonably related to the severity of the offenses.).

The importance of making this mandatory finding of fact when a trial court orders consecutive sentencing based upon a defendant being a "dangerous offender" causes me to be hesitant in this case to find that the trial court "implicitly" made the findings which have long been mandated by our supreme court. Normally, I would hold that the order of consecutive sentencing must be reversed. However, as mentioned in the State's brief, Defendant also, at least marginally, qualified for consecutive sentencing under the "extensive criminal history" category pursuant to Tennessee Code Annotated section 40-35-115(b)(2)(2010 Repl.). Defendant committed the offense which is the subject of this appeal when he was 30 years old and incarcerated in the Tennessee Department of Correction for prior felony convictions. Defendant had prior convictions for the following offenses, committed at the noted age: assault, age 19; Class E felony theft, age 20; two convictions for separate acts of especially aggravated robbery at age 22; and assault at age 22, with the record indicating this last offense also occurred while Defendant was incarcerated. Defendant reported to the presentence report investigating officer that he began using marijuana at age 11 and that he was "happy [until] the age of 16. Moved out of Dad[']s

house started using drugs." I would therefore affirm the consecutive sentencing based upon Defendant's extensive criminal history. Furthermore, I note that the General Assembly of this state has authorized the trial courts to order consecutive sentencing "for any offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6). It is puzzling as to why the legislature has declined to provide the same authority to trial courts for an offense committed while incarcerated in a state penitentiary, county jail, workhouse, or other such place of confinement.

Finally, I take this occasion and the circumstances of this case to clarify what I believe is the only logical conclusion on the issue of a trial court's failure to charge an appropriate lesser included offense. Based upon the clear and specific holding of our supreme court in *State v. Davis*, 266 S.W.3d 896, 910 (Tenn. 2008), the reasons for the holding stated therein, *Id*. at 903-907, *and* upon the well settled law that juries are presumed to follow the instructions of the trial court, *see State v. Shaw*, 37 S.W.3d 900, 904 (Tenn. 2001), it can never be reversible error when a trial court fails to charge a lesser included offense.

In *Davis* the supreme court's holding is,

> We hold that, where a criminal defendant is entitled to jury instructions on lesser-included offenses, the trial court **shall** instruct the jury to consider the offenses **in order from greatest to least** within each count of the indictment and **that it [the jury] shall not proceed to consider any lesser-included offense until it has made a unanimous determination that the Defendant is not guilty** of the immediately-preceding greater offense.

> *Id*. at 910 (emphasis added).

In this case, even if misdemeanor reckless endangerment had been charged as a lesser included offense, the jury was *prohibited* from considering it because the jury convicted Defendant of the charged offense of Class C felony aggravated assault, never acquitted Defendant of that charged offense, and thus could *never* consider the lesser included offense of misdemeanor reckless endangerment even if it had been charged.

_____
THOMAS T. WOODALL, JUDGE