IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2018

## STATE OF TENNESSEE v. SEDRICK DARION MITCHELL

**Appeal from the Circuit Court for Bedford County**
**No. 2016-CR-18457      Forest A. Durard, Jr., Judge**

_____

### No. M2017-00825-CCA-R3-CD

_____

Defendant, Sedrick Darion Mitchell, was convicted of the sale and delivery of 0.5 grams or more of cocaine within 1,000 feet of a school and simple possession of cocaine. Defendant was sentenced as a career offender to an effective 60-year sentence of imprisonment. On appeal, Defendant claims that the evidence is insufficient to support his convictions; that his simple possession conviction should be reversed because he was questioned without an attorney present; and he challenges the constitutionality of Tennessee Code Annotated section 39-17-420(h), (i), and (j). Following our review, we affirm Defendant's convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Matthew D. Wilson, Spring Hill, Tennessee, for the appellant, Sedrick Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Robert James Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Procedural history*

Defendant was originally charged in a 15-count indictment with various charges of the sale or delivery of cocaine, possession of cocaine for sale or delivery, possession of marijuana for sale or delivery, and unlawful possession of drug paraphernalia. The case was set for trial; however, the relationship between Defendant and his trial counsel degraded to the point that it was necessary to postpone the trial and substitute counsel.

The State sought a superseding indictment, alleging that the activity occurred within a school zone. The first eleven counts charged offenses that occurred in December, 2014, and January, 2015. The last four counts of the indictment involved an incident alleged to have occurred on February 6, 2015. These are the counts which are the subject of this appeal. The record shows that at least three different times, Defendant's appointed attorney was allowed to withdraw and substitute counsel was appointed. Two attorneys filed motions to suppress evidence seized in relation to the offenses that were the basis of counts 1-11, which the trial court denied. No motion to suppress was filed concerning the event that was the basis for counts 12-15. In an order dated December 8, 2016, the trial court severed counts 12-15 from counts 1-11 and reassigned counts 12-15 a new case number, which as noted above, is the subject of this appeal.

*Facts*

This appeal stems from a controlled drug purchase completed by an informant working for the 17th Judicial District Drug Task Force. The following evidence was adduced at trial. Drug Task Force Agent Jose Ramirez, of the Marshall County Sheriff's Department, testified that he and other agents met with the confidential informant ("C.I.") on February 6, 2015, to arrange a controlled purchase of cocaine from Defendant. The C.I. told Defendant that he had a "bill," meaning that he wanted to purchase $100 worth of cocaine. Defendant agreed to meet the C.I. at a local Goodwill store.

Agent Ramirez searched the C.I. to ensure that he did not have any drugs, contraband, or other prohibited items in his possession. Agent Ramirez gave the C.I. five $20 bills after he recorded the bills' serial numbers. Agent Ramirez also gave the C.I. a digital recorder. The C.I. rode his bicycle to the Goodwill, and Agent Ramirez followed in his vehicle. Other agents set up around the Goodwill to observe the controlled buy. After 45 minutes to an hour of waiting for Defendant to show up, the meeting place was changed to the America's Best Value Inn, which was located behind the Goodwill. Agent Ramirez followed the C.I. to that location, and the other agents relocated to conduct surveillance. Agent Ramirez testified that he saw the C.I. and Defendant "go into a breezeway" together, where the exchange took place. Agent Ramirez testified that he did not see Defendant's face because it was covered by a "zipped-up hoodie." After the exchange, the C.I. met Agent Ramirez at a pawn shop one block away from the motel. The C.I. gave Agent Ramirez a plastic bag containing crack cocaine and the digital recorder.

After his debriefing with the C.I., Agent Ramirez returned to the motel where the exchange took place. Other agents had placed Defendant in custody in the lobby of the motel. Defendant told agents that there was "some cocaine back in [Defendant's motel]

room folded in a small piece of paper." Agent Ramirez relayed that information to other agents who found the cocaine inside Defendant's motel room.

The State introduced satellite photos, using the Tennessee Bureau of Investigation ("TBI") mapping software, showing that the location of the controlled buy was within 1,000 feet of the Thomas Magnet School. A special agent with the TBI's crime lab testified that the substance recovered from the controlled buy was determined to be 1.05 grams of cocaine. The substance recovered during the search of Defendant's motel room was determined to be 0.45 grams of cocaine.

The C.I. acknowledged that he was "a drug addict," and he testified that he contacted the drug task force about becoming a confidential informant. The C.I. testified that on February 6, 2015, he called Defendant to arrange a meeting for the purchase of cocaine. He testified that the exchange took place in the breezeway of the motel, and he identified Defendant as the person to whom he gave the $100 provided by Agent Ramirez in exchange for a bag of crack cocaine. On cross-examination, the C.I. acknowledged that he was convicted in Carroll County in 2006 of two counts of attempted possession of less than 0.5 grams of cocaine for resale. He also acknowledged that he was on parole at the time of the controlled buy in this case. The C.I. also acknowledged that he was compensated $100 by the drug task force for his participation in the controlled buy.

Drug Task Force Agent Shane George assisted in surveillance of the controlled buy. After the controlled buy, Agent George observed Defendant "coming and going" from one of the rooms in the motel. Agent George watched Defendant leave the motel room and walk to the lobby of the motel. Agent George placed Defendant in custody in the lobby of the motel. Agent George testified that Defendant consented to a search of the motel room he had been staying in. Agent George and Agent Timothy Joe Miller searched Defendant's motel room and found cocaine inside a folded piece of paper. They used a key found on Defendant's person to enter the motel room. Agent Miller testified that the same five $20 bills that were used in the controlled buy were found on Defendant's person at the time of his arrest.

## Analysis

### Sufficiency of the evidence

Defendant contends that the evidence at trial was insufficient to sustain his convictions. Defendant asserts that the C.I.'s "character was assassinated" by evidence that he was convicted of a previous felony. The State responds that the evidence was sufficient to sustain Defendant's conviction. We agree with the State.

When considering the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (citing *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states that "[f]indings of guilt in criminal actions whether by trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact beyond a reasonable doubt." "Because a verdict of guilty removes the presumption of innocence and raises a presumption of guilty, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009) (citing *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992)).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005); *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *Hanson*, 279 S.W.3d at 275). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact. *Id*.

Defendant was convicted of the sale or delivery of 0.5 grams or more of cocaine within 1,000 feet of a drug-free school zone. The State was required to prove beyond a reasonable doubt that Defendant knowingly sold or delivered cocaine. *See* T.C.A. § 39-17-417(a)(2)-(3). A violation of subsection (a) with respect to 0.5 grams or more of cocaine is a Class B felony. *Id*. §§ 39-17-417(c)(1). In addition, the Drug-Free Zone Act states that a violation of T.C.A. § 39-17-417 "that occurs on the grounds or facilities of any school or within one thousand feet (1,000) of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park shall be punished one (1)

classification higher than is provided in § 39-17-417(b)-(i) for such violation." *Id*. § 39-17-432(b)(1).

Viewed in the light most favorable to the State, the evidence showed that the C.I. gave Defendant $100 in exchange for 1.05 grams of cocaine contained in a plastic bag. The exchange took place at the America's Best Value Inn motel, which is located within 1,000 feet of the Thomas Magnet School. This evidence is sufficient to establish that Defendant was guilty of the sale or delivery of 0.5 grams or more of cocaine in a drug-free school zone.

The evidence is also sufficient to support Defendant's conviction for simple possession of cocaine. To establish the elements of simple possession, the State must have shown that Defendant knowingly possessed cocaine. T.C.A. § 39-17-418. Possession requires some showing that the defendant was in a position to exercise control over the substance. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). The possession may be actual or constructive. *Id*. Agent George testified that he observed Defendant coming and going from the motel room that he searched after Defendant's arrest. Agent George testified that Defendant consented to a search of the motel room, and a key to the room was found on Defendant's person. Defendant also admitted to agents that there was cocaine in the motel room and described the way in which it was packaged. Agents found 0.45 grams of cocaine packaged the way Defendant described inside the motel room.

Defendant argues that because the C.I. was impeached at trial with evidence of prior felony convictions and because he was compensated for his participation in the controlled buy, "the jury should have disregarded his testimony." Defendant suggests that he "could very well have of [sic] picked these dollars off the ground, while [the C.I.] could very well have obtained the drugs from some unknown person." This court has repeatedly asserted that determining the credibility of witnesses is "entrusted exclusively to the jury as the trier [ ] of fact." *State v. Millsaps*, 30 S.W.3d 364, 368 (Tenn. Crim. App. 2000). In the instant case, the jury clearly resolved the issue of credibility in the State's favor. We may not now reconsider the jury's credibility assessment. *See State v. Carruthers*, 35 S.W.3d 516, 558 (Tenn. 2000). We conclude that the evidence adduced at trial was sufficient to sustain Defendant's convictions. Defendant is not entitled to relief on this issue.

*Right to an attorney during custodial interrogation*

Defendant also contends that his conviction for simple possession should be set aside because he was questioned without an attorney present. *See Edwards v. Arizona*, 451 U.S. 477, 481-82 (1981); *Miranda v. Arizona*, 384 U.S. 436, 474 (1966)). The State

responds that Defendant has waived consideration of this issue because he raises it for the first time in this appeal.

The record reflects that Defendant failed to raise this issue in his motion for new trial. Rule 3(e) of the Tennessee Rules of Appellate Procedure provides, in part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Tenn. R. App. P. 3(e).

Among the issues raised in Defendant's motion for new trial is the contention that "Defendant's suppression motion should have been granted." However, a motion to suppress was never filed regarding the charges in this case, which the trial court severed from the other charges in the original indictment. The trial court noted at the hearing on Defendant's motion for new trial,

> It talks about that I should have granted the Motion to Suppress. But by way of history in this case, there were, I believe, a dozen [sic] different counts of that indictment and a Motion to Sever was filed and I granted that Motion to Sever. And I made the State try separately, I believe, it was the last three [sic] counts of which that was what we're here today on which resulted in a conviction because of the factual distinctions between what happened in the first nine [sic] counts versus the remaining three [sic] counts because of the different location and so forth. And what the defendant refers to here are, is a situation that occurred at his apartment and not at America's Best Value Inn. So that's not even a topic here.

At the hearing on Defendant's motion for new trial, counsel offered no argument in support of Defendant's claim on appeal that he was questioned without his attorney present. There was no mention whatsoever at the hearing of a custodial interrogation. At trial, Agent Ramirez testified that after Defendant was taken into custody, he told officers that there was a small folded piece of paper containing cocaine in his motel room. Agent George testified that Defendant consented to a search of his motel room. Defense counsel did not make a substantive objection to this testimony, nor did defense counsel

- 6 -

ask either witness on cross-examination whether Defendant requested an attorney. In his brief, Defendant concedes that "there was no evidence presented at trial that [Defendant] had asked for an attorney."

Because Defendant never brought this issue to the attention of the trial court, this issue is waived. *See* Tenn. R. App. P. 36(a). Defendant is not entitled to relief on this issue.

*State v. Decosimo*

Defendant filed a supplemental brief in which he challenges the constitutionality of Tennessee Code Annotated section 39-17-420(h)-(j), which provides that a drug testing fee of $250 shall be assessed and collected for the benefit of the TBI drug testing fund upon any conviction for a violation of any part of the Tennessee Drug Control Act. Defendant relies upon the decision in *State v. Rosemary L. Decosimo*, No. E2017-00696-CCA-R3-CD, 2018 WL 733218 (Tenn. Crim. App. Feb. 6, 2018), *perm. app. granted* (Tenn. Mar. 21, 2018), in which a panel of this court held that the similarly worded Tennessee Code Annotated section 55-10-413(f), which gives the TBI $250 for each DUI conviction that is obtained using a blood or breath test, is unconstitutional.

This claim is without merit. The Tennessee Supreme Court has reversed the judgment of the Court of Criminal Appeals in *Decosimo*. *State v. Decosimo*, ___ S.W.3d ___, 2018 WL 4022338 (Tenn. Aug. 23, 2018). Defendant is not entitled to relief on this issue.

CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE