FILED

03/05/2020

Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2019

## STATE OF TENNESSEE v. GEORGE RONALD PEREZ

**Appeal from the Circuit Court for Montgomery County**
**No. CC-17-CR-1048      William R. Goodman, III, Judge**

_____

## No. M2018-01854-CCA-R3-CD

_____

Defendant, George Ronald Perez, was indicted by the Montgomery County Grand Jury for possession with intent to sell or deliver 0.5 ounce or more of marijuana, simple possession of cocaine, simple possession of methamphetamine, possession of drug paraphernalia, and possession of a firearm during the commission of a dangerous felony. Defendant entered open guilty pleas to felony possession with intent to sell or deliver 0.5 ounce or more of marijuana, simple possession of cocaine, simple possession of methamphetamine, and possession of drug paraphernalia. A bench trial was conducted on the charge of possession of a firearm during the commission of a dangerous felony, and Defendant was found guilty. The trial court sentenced Defendant to consecutive sentences of one year for possession with intent to sell 0.5 ounce or more of marijuana and three years for possession of a firearm during the commission of a dangerous felony. The trial court sentenced Defendant to 11 months and 29 days for each of his remaining convictions and ordered those sentences to run concurrently with his three-year sentence. Defendant's sole issue on appeal is whether the evidence was sufficient to support his conviction for possession of a firearm during the commission of a dangerous felony. Having reviewed the entire record, we conclude that the evidence was sufficient. Accordingly, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Gregory Smith, Clarksville, Tennessee (on appeal) and Edward E. DeWerff, Clarksville, Tennessee (at trial) for the appellant, George Ronald Perez.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dan Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Guilty pleas*

The State summarized the factual basis for Defendant's guilty pleas to possession with intent to sell or deliver 0.5 ounce or more of marijuana, simple possession of cocaine, simple possession of methamphetamine, and possession of drug paraphernalia as follows:

> In these counts on the 21st of May 2017, Clarksville Police Officers responded to a report of a fight involving several people at an area near the Defendant's residence in – on Union Hall Road, in Clarksville, Montgomery County.
>
> Sergeant Jeffrey Jackson was one of those officers who responded to that. They actually followed some tracks in the grass, I think, in the dew of the grass, and – to the area where the Defendant's apartment was.
>
> And the Defendant was either coming out of the door or right there at his door of his apartment when Sergeant Jackson walked into that entryway area.
>
> He was bleeding at that time. Officer Jackson went to talk to him and ask him about it. He could smell the obvious odor of marijuana coming from the apartment itself.
>
> They asked for consent to search. [Officers] were denied consent to search the apartment. They did secure the apartment, doing a – a quick walk-through to make sure there were no people in the apartment [a]nd then got a search warrant.
>
> A search warrant was executed. They did search the apartment. They found numerous items of drug paraphernalia, some bongs that are used for – possession, I think, of a pipe, also numerous baggies and several bags [ ] containing marijuana. Some were – and we're going to probably talk about some of that in the proof on the rest of this. But a substantial amount of drug paraphernalia and marijuana was found in the residence.

- 2 -

I believe the marijuana tested out. They actually tested 216 grams, and there was an additional 177 grams that were not tested. So the total weight was under two pounds, but it was a substantial amount, well over the felony minimum on this. That would be [the] proof.

There were also some pills found that were the . . . M.D.M.A. pills and a – a small amount of cocaine that was less than half a gram of cocaine that was found in a little baggie that was, I think in the dresser drawer of the searched area.

### *Bench trial*

On the same day, immediately following the entry of Defendant's guilty pleas, a bench trial commenced on the charge of possession of a firearm during the commission of a dangerous felony. At the start of the bench trial, in its opening statement, the prosecutor stated that "the issue in this case is, did [Defendant] possess that handgun with the intent to go armed." The prosecutor announced, "the State . . . will put on pro[of] that the Defendant was also in possession of a handgun at the time that these other items were found in his apartment and the items to which he's pled guilty on felony charges in particular." Defense counsel framed the issue as whether or not the State could "establish a nexus between" possession of marijuana with intent to sell or deliver and possession of a handgun with the intent to go armed.

Regarding evidence of felony possession of marijuana with intent to sell or deliver, the predicate felony for the firearm possession charge, the prosecutor stated, "unless the Court wants me to, I don't actually intend I think to introduce the marijuana or other drugs, since they've been stipulated to and admitted at this point." Defense counsel acknowledged that Defendant had pleaded guilty to the underlying felony, and the trial court stated, "that's established." Notably, defense counsel did not challenge the State's assertion of a stipulation.

Officer Jeffrey Jackson, of the Clarksville Police Department, testified that on May 21, 2017, he responded to a report of a fight involving several people near Defendant's residence. When Officer Jackson arrived at the apartment complex, he followed some footprints in the grass to the side of the building. As he entered the "breezeway," he observed Defendant coming out of his apartment. Defendant was bleeding, and Officer Jackson smelled an odor of marijuana coming from inside the apartment. Officer Jackson entered the apartment to make "sure no one else was in the apartment."

In one of the bedrooms, he observed a broken window, plastic bags containing what looked like marijuana, white powder, a glass pipe, cash, and a bong. There were two people in the living room. Officer Jackson detained Defendant and asked him for consent to search the apartment, and Defendant refused consent. A search warrant was obtained and executed. In the same bedroom where Officer Jackson observed the drugs and paraphernalia, he found a gun under the mattress. Officer Jackson testified that he found a "large amount of marijuana" in a dresser near the bed.

Officer Ryan Steinlage, of the Clarksville Police Department, assisted in executing the search warrant. He testified that the gun found under a mattress in Defendant's apartment was a handgun loaded with a magazine containing 12 rounds of ammunition. He testified that a plastic jar containing eight bags of marijuana was found inside Defendant's dresser. Police also found digital scales, packages of unused plastic bags, and over $1,300 in cash in various locations in the apartment. Photographs of the items found during the search were introduced into evidence by the State. Officer Steinlage testified that two other people were present in the apartment, but there did not appear to be anyone other than Defendant living in the apartment.

Defendant testified that on May 21, 2017, he "got jumped by several individuals" outside of his apartment. He testified that police arrived and found drugs and paraphernalia inside his apartment. Defendant testified that he had been smoking marijuana since the age of 11 or 12 and that he sold marijuana only to his friends when they came to his apartment to smoke with him. Defendant testified that he had been employed full-time at Electrolux for almost five years. He testified that the handgun police found under his mattress "was used for nothing more than home protection" and that it "never left [his] house." He testified that when his friends came over to smoke and buy marijuana, they did it in his living room. On cross-examination, Defendant acknowledged that he kept his gun near where he kept a large amount of marijuana in his dresser. Defendant agreed that selling drugs is "a dangerous business" and that it was not unusual for drug dealers to carry weapons. He denied that it was the reason he kept a loaded gun in his apartment.

At the conclusion of the bench trial, the trial court found Defendant guilty of possessing a firearm during the commission of a dangerous felony and sentenced Defendant to three years to be served at 100 percent. Defendant timely filed the instant appeal, challenging the sufficiency of the evidence to sustain his conviction.

*Analysis*

On appeal, a conviction removes the presumption of the defendant's innocence and replaces it with one of guilt, so that the defendant carries the burden of demonstrating

to this court why the evidence will not support the findings of the trier of fact. *See State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *See State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). In a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *State v. Ball*, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978); *see also State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

The guilt of a defendant, including any fact required to be proven, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

"It is an offense to possess a firearm with the intent to go armed during the commission of . . . a dangerous felony." T.C.A. § 39-17-1324(a). Possession of a controlled substance with the intent to sell or deliver is one of the applicable listed dangerous felonies. T.C.A. § 39-17-1324(i)(1)(L). As pertinent to our review, marijuana is a Schedule VI controlled substance. T.C.A. § 39-17-415(a)(1).

Possession may be constructive as well as actual. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *State v. Transou*, 928 S.W.2d 949, 955-56 (Tenn. Crim. App. 1996); *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). "Constructive possession requires that a person knowingly have the power and the intention at a given time to exercise dominion and control over an object, either directly or through others. In essence, constructive possession is the ability to reduce an object to actual possession." *State v. Copeland*, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). "Elements of possession for purposes of constructive possession are questions of fact for the [finder of

fact]. . . ." *State v. Ronald Killebrew*, No. W2003-02008-CCA-R3-CD, 2004 WL 1196098, at *3 (Tenn. Crim. App. May 26, 2004), *no perm. app. filed.*

On appeal, Defendant asserts that the evidence showed that he possessed a large quantity of marijuana only "for personal consumption" and not with the intent to sell, manufacture, or deliver. This claim is without merit. The guilty pleas to four of the charges, including Defendant's plea of guilty to the felony drug offense, occurred on the same date of, and prior to, the bench trial for the firearm offense which is the subject of this appeal. As observed above, it is apparent that there was a stipulation by the parties that Defendant's guilty plea to count one of the indictment proved that Defendant possessed the marijuana with the intent to manufacture, deliver, or sell it, which is a felony. No further proof was necessary as to this element of the firearm offense – possession of the firearm with intent to go armed during the commission of a dangerous felony. Even without proof of a felony drug conviction by the guilty plea, the evidence presented was still sufficient to prove this element of the offense.

Police found marijuana that was divided into small quantities, plastic sandwich bags, digital scales, and over $1,300 cash inside Defendant's apartment. "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." T.C.A. § 39-17-419; *see State v. George P. Watkins, III*, No. W2015-02095-CCA-R3-CD, 2017 WL 1294890, at *7 (Tenn. Crim. App. Apr. 5, 2017), *no perm. app. filed*.

Next, Defendant argues that the evidence is insufficient to show that he intended to go armed during the commission of a felony. Here, it was clear, and Defendant does not contest, that the handgun found under his mattress belonged to Defendant and that he had the ability to "exercise dominion and control" over it. Additionally, the fact that the handgun was loaded and "within the immediate proximity of the contraband established the [D]efendant's intent to go armed and demonstrated a nexus between the firearm and the drugs." *State v. Ronnie Paul Trusty*, No. W2012-02445-CCA-R3-CD, 2013 WL 3488150, at *4 (Tenn. Crim. App. July 11, 2013), *no perm. app. filed* (quoting *Shaw*, 37 S.W.3d at 903) (internal quotation marks omitted).

Defendant asserts that "[b]asic logic indicates that if [he] was intending to go armed, he would have used the gun to defend himself" against his attackers. However, Defendant doesn't cite any cases to support his argument. The State cites several cases in which this court found the evidence sufficient to support the defendants' convictions for possession of a firearm during the commission of a dangerous felony with facts analogous to the facts in this case. *See Trusty*, 2013 WL 3488150, at *4; *State v. Tasha*

*Briggs*, No. W2014-01214-CCA-R3-CD, 2015 WL 5813664, at \*6 (Tenn. Crim. App. Oct. 6, 2015, *no perm. app. filed* (evidence was sufficient where the defendant sold marijuana from her apartment and kept a loaded gun under a couch cushion in her living room); *State v. Anthony Miller*, No. 2016-00402-CCA-R3-CD, 2017 WL 244115, at \*1 (Tenn. Crim. App. Jan. 20, 2017), *no perm. app. filed* (evidence was sufficient where the police found a shoebox containing two handguns in the defendant's closet and a large quantity of marijuana, a digital scale, and a box of sandwich bags in the headboard of the defendant's bed).

Although Defendant was not in actual possession of the gun when police approached him following whatever fight took place, the record clearly establishes that Defendant possessed a loaded handgun in close proximity to a large quantity of marijuana. Whether or not Defendant used the gun during his "attack" is unrelated to the question of whether Defendant possessed a gun with intent to go armed during the commission of possession with intent to sell, manufacture, or deliver marijuana. We conclude that the evidence was sufficient to sustain Defendant's conviction. Defendant is not entitled to relief.

CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE